**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

RECEIVED
2025 NOV 17 P 3: 11
T.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**GREGORY KELLY AND
ANNETTE B. KELLY**
    *Plaintiffs .*

       **v.**

                              2:25-cv-00909-MHT-SMD

**THE WATER WORKS & SANITARY SEWER BOARD OF THE
CITY OF MONTGOMERY d/b/a  Water Work Board (WWB)
Richard Hanan, individually and his position as the
Chairman of the Water Work Board (WWB)
William  Henderson individually and his position as the
General Manager  of Water Work Board (WWB)**

**ALABAMA DEPARTMENT** ~~OF ENVIRONMENTAL~~ *of Economic + Community Affairs*
~~MANAGEMENT~~ **d/b/a Alabama Department of Economic and** *(ADECA)*
**Community Affairs (ADECA)**
**MONTGOMERTY COUNTY COMMMISON d/b/a
Montgomery County Commission (MCC)
CITY OF MONTGOMERTY, AL  MAYOR'S OFFICE d/b/a
City of Montgomery, AL  Mayor's Office (Mayor's Office)**

**NEPTUNE TECHNOLOGY GROUP d/b/a
Neptune Technology Group
ALABAMA DEPARTMENT OF PUBLIC HEALTH
d/b/a Alabama Department of Public Health (ADPH)
ALABAMA DEPARTMENT OF ENVIRONMENTAL
MANAGEMENT d/b/a Alabama Department of
Environmental  Management ( ADEM)**

    *Defendants*

## COMPLIANT AND JURY TRIAL DEMANDED

**COMES NOW**, the Plaintiffs file this civil action claim against

the **Defendant** Water Work Board (WWB) and Richard Hanan and

William Henderson **(WWB Defendants)**; Alabama Department of

Economic and Community Affairs **(ADECA Defendant)**; Defendant

Montgomery County Commission **(MCC Defendant)** and City of

Montgomery, AL Mayor's Office( **Mayor's Office Defendant)** and

Alabama Department of Public Health **(ADPH Defendant)** and

Alabama Department of Environmental Management ( **ADEM**

**Defendant)** . **The Plaintiffs seek relief under the RICO Act , RICO**

**Conspiracy Act**, VICAR Act and under 42 U.S.C 51981, 1982, 1983,

1985 of the Civil Rights Act Laws and Wire fraud (18 U.S.C § 1343 ) ,

Mail fraud,(U.S.C. § 1341) , Computer fraud (18 U.S.C § 1030 ) and

Healthcare fraud (18 U.S.C. § 1347) , Honest Service frauds (18

U.S.C § 1346) and Consumer Fraud violations and violations under

the Fourteenth Amendment's Equal Protection Clause and ACA Act

and violations under the Title II, Title VI , Title VII and INA Civil

Rights laws and violations arising under ADA Act Disability Laws

and the Rehab Act and violations under Section 5 of the FTCA Act for

making false privacy promises and making false claims about smart

2

metering technologies  privacy , security ,  safety and   billing accuracy,

and  negligence, unjust enrichment, Breach of Implied Contract, and

violation arising under various state cybersecurity safety laws and

security breach notification laws involving PHI and PII data  and state

law violations including , but not limited to  negligent hiring, retention

and negligent   supervision losses  causing  losses of tangible  and

intangible   property right losses.**( See Ex #1-#3 attached )**

## I.    JURISDICTION

**1.**     The Jurisdiction in this Honorable Court is posted under the provisions of

28 U.S.C 1331 and 28 U.S,C, 1343 because it involves the civil rights of the

Plaintiff and because it involves questions of Federal Law.

**2.**     Venue is proper in the Middle  District of Alabama  Northern  Division

pursuant to 28 U.S.C. § 1391(b) because all  the Defendants reside in the District,

a substantial part of the events or omissions giving rise to the claims occurred in

this District, and the Defendants principal place of business are  in Montgomery,

AL  and  in  the Middle  District of Alabama.

3

## I.     PARTIES

**3.     The Plaintiff, Gregory Kelly**, is a Black male, over the age of sixty-five (65) years, and at all times relevant hereto was a resident of Montgomery County, AL, which is encompassed in the area of the U.S District Court for The Middle District of Alabama, Northern Division.

**4.     The Plaintiff, Annette B. Kelly**,  resides  in Montgomery, AL, and the Plaintiff is over sixty-five (65) years old.

**5.     Defendant Montgomery Water Work & Sanitary Sewer Board ("WWB") ("Defendant WWB  ").** WWB in a franchise agreement  with    the City of Montgomery's  oversees the City of Montgomery's waterworks and sanitary sewer infrastructure systems

**6.     The Defendant , WWB Chairman  Richard Hanan** (" Defendant **Hanan')** resides  in Montgomery, AL, and the  **Defendant Hanan** is over 90 years old, The  Court may exercise personal jurisdiction over **Defendant Hanan** because he is a citizen resident of the State of Alabama   and the acts and omissions giving rise to Plaintiffs' claims took place in the State of Alabama

**7.    The  Defendant , WWB Employee   William  Henderson** (" **Defendant Henderson)** is over 21 years old The  Court may exercise personal jurisdiction over **Defendant Henderson)** because he is a citizen resident of the State of Alabama   and the acts and omissions giving rise to Plaintiffs' claims took place in the State of Alabama.

**8.**    The Court may exercise personal jurisdiction over Defendant**,** **Alabama Department of Economic and Community Affairs (ADECA),  a state government agency** because the acts and omissions giving rise to Plaintiffs' claims took place in the  State of Alabama

**9.    Defendant City of Montgomery, AL  Mayor's Office ("Mayor's Office Defendant"),** overseeing city operations, enforcing laws, and managing the city's administration including preparing and submitting the annual budget, appointing and removing city officers and employees, and providing administrative supervision over departments.

**10.**    The Court may exercise personal jurisdiction over **Defendant Neptune Technology Group ( Neptune Group Defendant)** which is a data collection IT system company for  water measurement and water systems data collection

**11.** **The Court may exercise personal jurisdiction over Defendant,** **Alabama Department of Public Health (ADPH Defendant) ,** because the acts and omissions giving rise to Plaintiffs' claims took place in the State of Alabama .

**12.** The Court may exercise personal jurisdiction over Defendant**, Alabama Department of  Environmental  Management ( ADEM Defendant**), because the acts and omissions giving rise to Plaintiffs' claims took place in the  State of Alabama

## II.    GENERAL ALLEGATIONS

**13.** **In Federal Case 2:24-CV-00348-RAH-JTA,**   the Plaintiffs allege that they and their  close family members  have  suffered a pattern of  blacklisting  offensives   for reporting information to feds about    WWB Defendants  and the  Downtown Environmental Alliance members ill-gotten gains from  "pollution -for- profit" deceitful  acts and criminal  conduct.

**14.** **Due to  these pollution  -for- profit"  criminal  acts ,**  many City of Montgomery ,AL Black residents do not have  clean water  to use for powder baby formula, cooking, showering, or do the laundry.

6

**15.**     Due to high levels of arsenic , lead, and copper contamination, and PFAS,PFOA and PFOA toxins ,the City of Montgomery ,AL water supply is not fit for human consumption,

**16.**     Montgomery ,AL    population is approximately 82% Black and nearly a quarter of the City's residents live below the poverty line.

**17.**     Children are more at risk from lead poisoning, comprised of almost 25% of City of Montgomery ,AL population.

**18.**     Children, toddlers and infants comprising a quarter of the City of Montgomery ,AL residents, are especially susceptible to the devastating and life-long damage of lead poisoning and   high levels of arsenic , zinc  and copper contamination, and PFAS,PFOA and PFOA toxins.

**19.**     The  Plaintiffs are being slowly poisoned by lead, arsenic , zinc  and copper contamination, and PFAS,PFOA and PFOA toxic chemicals and other contaminants released into city of Montgomery AL   drinking water as a result of **WWB Defendants and ADPH and ADEM state agency  Defendants conscience-shocking conduct and deliberate indifference.**

## I.   Water Bills Spiked after Installing Neptune Technology Smart Meters and since 1999 WWB Defendants Have Not updated their AMR and AMI System Wireless Radiation Exposures Limits

**20.**    Since 1999,  city of Montgomery, AL  Black residents  have experienced   very high-water bills after  the Neptune smart meter installation which **are often due to billing software errors, inaccurate meter readings from estimation, or leaks.**

**21.**    Since 1999,   WWB Conspirator Defendants  and the Neptune Technology Group Defendants have  been making false privacy promises and making false  promises  and claims about  smart metering technologies  privacy , security ,  safety and   billing accuracy

**22.**    Since 1999 the **WWB Conspirator Defendants** have also   been making false privacy promises  about selling smart meters water usage data because  water usage data  should remain private, and that the government's access of  **constitutes an  '" illegal  search of property**

**23.**    The  WWB Defendants and  the Neptune Group Defendant have used and caused  **flawed  and defective  smart water metering technologies   to be placed into interstate commerce  which constitutes a   pattern of racketeering, such as fraud or bribery, wiretap, mail,  wire  and computer  fraud   crimes**

**24.**    Due  to defective and flawed  water meters,  **Roper**

**Technologies subsidiary Neptune Group Inc.  was  slapped with a**

**product liability lawsuit**

**25.**    In 1999, Neptune committed a string of H-B2 visa frauds by

increasingly hiring a number of undocumented aliens that includes

mechanical, electrical, and software engineers and programmers.

**26.**    These  phony software engineers did not know  the  difference

between AMR and AMI meters; AMR meters send signals to readers in

proximity to the unit  while  AMI meters  are continually

communicating to a broad network and allow readings from anywhere.

**27.**    These  phony software engineers ignored  IT data privacy  laws

which applied  to smart meter data, such as   the SCA Act and  ECPA

Act IT data privacy  laws  which protects  the Plaintiffs  and other

WWB customers  from unauthorized access of their PII data.


**II.    The WWB Defendants caused  five (5) Montgomery, AL neighborhoods
of color to suffer  illness and sickness due  to Poor Water Quality**

**28.**    Montgomery, AL has an aging network of pipes to deliver

drinking water and remove wastewater which  includes approximately

1,500 miles of water mains, some of which are over 100 years old.

**29.**     Newtown, Hunter Station, Macedonia, Madison Park and Old

Selma Road in Montgomery, AL were tagged with do-not-resuscitate

(DNR) hand band when they became sick due to waterborne and

foodborne illness by state hospital administrators.

**30.**     The WWB Defendants  did not address, much less refute, any of

the claims and arguments  raised in the Plaintiffs' Federal complaints

about the  WWB  Defendants     **"Show Me -Your- Papers" laws.**

**31.**     The Plaintiff , Gregory  Kelly ,   filed an EEOC  Commission Complaint

**dated October  16  2025** alleging   that he has   lost employment  opportunities

for the following City/County jobs listed below:  **(Ex #2)**

**a)** **Professional Engineer.... ......10/16//2025**
a) GIS Specialist ,,,,,,,,,,,,,,,,,,,,, … 10/16/2025
b) Maintenance Utility Worker … ..10/16/2025
c) GIS Specialist ,,,,,,,,,,,,,,,,,,,,, … 10/9/2025
d) Professional Engineer.... ......10/1/2025
e) Graduate  Engineer …………..10/1/2025
f) Utility Construction Inspector  9/25/2025
g) Professional Engineer ………9/24/2025
h)   Graduate  Engineer………… 9/24/2025
i) Utility Construction Inspector  9/24/2025
b) Maintenance Utility Worker ..  2/26/2025
c) Utility Construction Inspector  9/11/2024
d) Utility Construction Inspector  9/4/2024

**32.    In** a **RICO Act conspiracy  CASE NO.:   03-CV-2025-**

**000121.00** , **the   Downtown Environmental Alliance members**

"**more than  "458 state agencies**" sought  a  state permanent injunction

intended to  silence the  Plaintiffs from speaking out   about  Downtown

Environmental Alliance members polluting  for profit crimes  . **The**

**Downtown Environmental Alliance members include:**

    i.    City of Montgomery, Alabama

    ii.    Montgomery County Commission,

    iii.    The Montgomery Water Works and Sanitary Sewer Board

    iv.    The Alabama Department of Transportation

    v.    The Alabama Law Enforcement Agency,

    vi.    The Alabama Department of Education,

    vii.    The Alabama Community College System

    viii.    Alabama Department of  Environmental Management

    ix.    Alabama Department of Public Health

    x.    The Retirement Systems of Alabama

    xi.    Alabama Public Service Commission

    xii.    Alabama Department of Economic and Community Affairs

**33.** **The** WWB Defendants and **Downtown Environmental Alliance members** did not address, much less refute, any of the arguments raised in the Plaintiffs' Federal complaints about the WWB Defendants were operating fraudulent contractor scheme involving water board employees, outside contractors and employees, and money was laundered through fake and phony business owned by unknown MWDBE contractors. The federal RICO Act charges should include :

    i.    conspiracy to commit mail, bank, and wire fraud; conspiracy to defraud the United States (taxes); money laundering conspiracy; wire fraud; bank fraud; and related tax charges.

    ii.    conspiracy to commit mail, bank, and wire fraud, money laundering conspiracy, and bank fraud.

    iii.    conspiracy to commit mail, bank, and wire fraud; money laundering conspiracy; bank fraud; and filing false tax returns.

    iv.    conspiracy to commit mail, bank, and wire fraud and bank fraud.

    v.    conspiracy to fix and rig water rates for the benefit of the Criminal Enterprise and Enterprise members.

**COUNT 1: FEDERAL CAUSE OF ACTION**
**Monopolization (Section 2 of the Sherman Act, 15 U.S.C. 2)**
**(Against the WWB, MCC and te  Mayor's Office  Defendants)**

**34.**    **The** WWB Defendants' water rates  for the  city of Montgomery,

have three tiers, with the first 4,000 gallons costing $12.05 per 1,000

gallons, the next 46,000 gallons costing $10.09 per 1,000 gallons, and

usage over 50,000 gallons at $9.94 per 1,000 gallons,  and a base rate

for the first 4,000 gallons is already included in these charges

**35.**    **The** WWB Defendants  are  conspiring   in predatory and

anticompetitive conduct, which threatened competition in the

marketplace.

**36.**     **The** WWB Defendants    monopoly power resulted in high water

prices   and  price-fixing conspiracy amongst horizontal competitors.

**37.**    **The** WWB Defendants     anticompetitive conduct, acts and

actions  have enabled the WWB Defendants  to leverage their monopoly

power in city of Montgomery, AL

**38.**    As a direct result of WWB Defendants   monopolistic conduct,

the Plaintiffs  have suffered, and will continue to suffer, injuries of the

type of antitrust laws violation which were intended to prevent, among

other things, paying ultra-high prices for  clear water services.

13

**39.**    The Plaintiffs   have been injured in person business or property

in violation of the Sherman Act for having to pay ultra- high prices for

clear water services  in the city of Montgomery,

### COUNT 2: FEDERAL CAUSE OF ACTION
### Attempted Monopolization (Section 2 of the Sherman Act, 15 U.S.C. 2)
### (Against the WWB, MCC and te  Mayor's Office  Defendants)

**40.**    The  WWB Defendants      have    attempted to leverage power in

by and through anticompetitive policies and anti-incentive terms for

clear water services  in the city of Montgomery

**41.**    There is a dangerous probability that   the  WWB Defendants

by and through partnership will  the city of Montgomery government

officals  will be successful in their attempt to monopolize  clear water

services  market in  the city of Montgomery, AL.

**42.**    The Plaintiffs were  injured by the WWB Defendants

predatory  clear water polices,  practices and customs   in violation of

the Sherman Act by  causing  the Plaintiff to pay supercompetitive

prices for  clear water services in  the city of Montgomery, AL.

**43.**    The Plaintiffs have also suffered economic harm and  personal

injuries, for filing complaints under Section 2 of the Sherman Act, 15

U.S.C. 2) anticompetitive and monopolistic conduct actions and

conducts as stated above by the  WWB Defendants.

14

## COUNT 3 FEDERAL CAUSE OF ACTION
### Price Fixing (Section 1 of the Sherman Act, 15 U.S.C. 1)
### (Against the WWB, MCC and te Mayor's Office Defendants)

**44.**   The WWB Defendants  with county and city of Montgomery, AL government  officals  have  conspired  in anticompetitive actions, acts and conduct  to artificially fix, raise, rig and manipulate  clear water services in  the city of Montgomery, AL.

**45.**   But for the conduct alleged herein,   the WWB Defendants would have  horizontal competitors in the  clear water service  in the city of Montgomery, AL  and neighboring geographic markets.

**46.**   The Plaintiffs have been deprived of the benefits of free and open competition marketplace for  clear water service  in the city of Montgomery, AL

**47.**   Such anti- competition  conducts  and overcharges for  clear water service  are the type of injury that the antitrust laws were designed to prevent, and they were the direct result of the combination and conspiracy alleged herein.

**48.**     Thus, the Plaintiffs  have been injured  by paying high prices for

inpatient and outpatient medical services, due price fixing activities

violations  under the Sherman Act , 15 U.S.C. 1).

## COUNT 4: FEDERAL CAUSE OF ACTION
## 42 U.S.C. § 1983 –   FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS – BODILY INTEGRITY
## (Against the  WWB, MCC,  Mayor's Office,  the ADECA, the  ADPH and the ADEM Defendants)

**49.**     The Plaintiffs have a clearly established fundamental right under the

substantive due process clause of the Fourteenth Amendment to the United States

Constitution to bodily integrity.

**50.**     On more than one occasion, the WWB Conspirator Defendants

and their business Associates have interfered  with  Plaintiffs  and other

Black citizens  right to bodily integrity which is fundamental right to

control your own body and make decisions about your physical and

psychological self without interference, coercion, or harm from others.

**51.**     The conduct of Defendants, all while acting under color of law,

endangered and/or threatened Plaintiffs' fundamental liberty interest to

bodily integrity as guaranteed by the Due Process Clause of the

Fourteenth Amendment to the United States Constitution.

16

**52.**     The WWB Conspirator Defendants   were aware that their

conduct, acts and actions  could result in the deprivation of Plaintiffs'

fundamental due process rights to bodily integrity.

**53.**     The WWB Conspirator Defendants   deliberately and knowingly

breached the constitutionally protected bodily integrity of Plaintiffs by

creating and perpetuating the ongoing exposure to contaminated water,

with deliberate indifference to the known risks of harm which said

exposure would, and did, cause to Plaintiffs.

**54.**     The WWB Conspirator Defendants   deliberately and knowingly

breached the constitutionally protected bodily integrity of Plaintiffs by

denying and obstructing Plaintiffs' access to safe drinking water.

**55.**     The WWB Conspirator Defendants   had the opportunity to

reflect and deliberate before they acted and/or failed to act.

**56.**     As a direct and proximate result of the unconstitutional acts of

Defendants as alleged in this Complaint, Plaintiffs have suffered

violations of -Plaintiffs' fundamental right to bodily integrity, property

and liberty interests, including, but not limited to:

   i.     Serious and in some cases life-threatening and irreversible

          bodily injury;

17

ii.    Substantial economic losses from medical expenses, lost

wages, lost income, lost business profits, reduced property

values, among others;

iii.    Pain and suffering;

iv.    Embarrassment, outrage, mental anguish, fear and

mortification, and stress related physical symptoms.

**57.**    The conduct, acts and actions  of the WWB Conspirator

Defendants   both reckless and outrageous, entitling Plaintiffs to an

award of punitive damages, as well as costs and reasonable attorney

fees, pursuant to 42 U.S.C. §1988.

<u>**COUNT 5: FEDERAL CAUSE OF ACTION**</u>
<u>**42 U.S.C. § 1983 –FOURTEENTH AMENDMENT SUBSTANTIVE DUE**</u>
<u>**PROCESS – STATE CREATED DANGER**</u>
<u>**(Against the  WWB, MCC,  Mayor's Office,  the ADECA, the  ADPH and the**</u>
<u>**ADEM Defendants)**</u>

**58.**    Plaintiffs have a clearly established right under the substantive

due process clause of the Fourteenth Amendment to the United States

Constitution to be protected from risks, dangers, dangerous situations,

or being made more vulnerable to increased risk of harms, affirmatively

created and/or caused by  persons acting under color of state law.

**59.**    The Defendants, while acting under color of state law,

affirmatively created or exacerbated the dangers and dangerous

situations to which Plaintiffs were exposed, making Plaintiffs more vulnerable to said dangers, and the WWB Conspirator Defendants did so with an extreme degree of culpability.

**60.**     The Defendants  while acting under color of state law, affirmatively continued, increased and perpetuated the dangers, risks of harm and dangerous situations creating the public health crisis, when they deliberately and affirmatively denied, lied about, covered up, deceived, discredited and ignored said known dangers and risks of harm to which they exposed Plaintiffs making Plaintiffs more vulnerable to said dangers.

**61.**     The Defendants   were aware that their conduct could result in the deprivation of Plaintiffs' due process rights to be protected from the dangers, dangerous situations, or being made more vulnerable to the dangers affirmatively created and perpetuated by the Defendants    and their business associates.

**62.**     The  Defendant's conduct was reckless, deliberately indifferent and/or so outrageous as to shock the conscience, such that it was culpable in the extreme, insofar as Defendants knew of and disregarded the substantial risk of serious harm to Plaintiffs and other residents  of the city of Montgomery, AL

19

**63.**    The dangers and risks of harm to Plaintiffs from lack of access to water and ongoing exposure to water toxins and contaminants which were created and perpetuated by WWB Defendants, were so extreme as to be equivalent to private acts of violence visited upon them.

**64.**    These actions of Defendants constituted affirmative acts that caused and/or substantially increased the risks of physical, emotional and economic harm to Plaintiffs.

**65.**    As a direct and proximate result of the unconstitutional acts of WWB Conspirator Defendants as alleged herein, Plaintiffs have suffered violations of Plaintiffs' fundamental rights to bodily integrity, property and liberty interests, including, but not limited to:

    i.    Serious and in some cases life-threatening and irreversible bodily injury;

    ii.    Substantial economic losses from medical expenses, lost wages, lost income, lost business profits, reduced property values, among others;

    iii.    Pain and suffering;

    iv.    Embarrassment, outrage, mental anguish, fear and mortification, and stress related physical symptoms.

**66.**     The conduct of WWB Conspirator Defendants was reckless and

outrageous, entitling the Plaintiffs to an award of punitive damages, as

well as costs and reasonable attorney fees, pursuant to 42 U.S.C. §1988

### COUNT 6: FEDERAL CAUSE OF ACTION
### 42 U.S.C. § 1983 –FOURTEENTH AMENDMENT DELIBERATE
### INDIFFERENCE TO SERIOUS HEALTH AND SAFETY NEEDS
### ( Against the  WWB, MCC,  Mayor's Office,  the ADECA, the  ADPH and
### the  ADEM Defendants)

**67.**     After discovering their water system was constantly delivering

unacceptably toxic and high levels of lead, arsenic , zinc  and copper

contamination, and toxic chemicals  and E. Coli, and other

contaminants,  the Defendants ignored the risks, dangers, dangerous

situations, or being made more vulnerable to increased risk of harms,

affirmatively created and/or caused by persons acting under color of

state law.

**68.**     The Defendants knew that the Plaintiffs, as elderly individuals

were more at risk from lead poisoning, yet the Defendants were

deliberately indifference to individuals medical needs for clean water

which is medically crucial for elderly individuals such as  cancer

survivors with weakened and non-functional immune systems.

21

**69.** The Defendants conspired with others to deliberately indifference

serious medical needs and the delays and denials of emergency

services and actions to prevent additional exposure to cancer-causing

chemicals and agents in the Defendants water system

**70.** **As a result of the** Defendants are deliberately indifference about

theses cancer-causing agents in the Defendants water distribution

system, the cancer rates , mortality rates, sepsis infection rates and

other waterborne illness infection rates among city of Montgomery, AL

Black residents are consistently higher than for other racial groups,


## COUNT 7: FEDERAL CAUSE OF ACTION
### ENVIRONMENTAL FRAUD AND TOXIC TORT CRIMES
### (Against the WWB, MCC, Mayor's Office, the ADECA, the ADPH and the ADEM Defendants)

**71.** At all times relevant to this litigation, the Defendants owed a

fiduciary duty to Plaintiff Kelly, and this fiduciary duty includes

preventing exposure to cancer-causing PFAS, PCE, TCE and DCE

chemicals in the cities tap and ground water which has caused serious

health problems to Plaintiff Kelly and the city and county Montgomery ,

AL more than 200K residents.

**72.** The exact amount to be proven at trial, arising out of the

Defendants CWA Act and SDWA Act environmental frauds and

Poisonous Chemicals and toxic asbestos exposure crimes which have

caused harm and injuries to the Plaintiffs and more than 200K

city/county Mongomery, AL residents and business owners.

## COUNT 8: FEDERAL CAUSE OF ACTION
## UNJUST ENRICHMENT FROM ENVIRONMENTAL FRAUD
### (Against All WWB Defendants)

**73.** The WWB Defendants owed a legal duty to their water and

wastewater customers not to unfairly or unduly exploited and take

advantage of water and wastewater clients such as city of Mongomery,

AL sick, elderly and disabled residents ignorance about water and

wastewater matters , environmental toxic torts and safety and health

hazards which has caused serious public health problems and

environmental risk to sick, elderly and disabled residents who live and

work near the CCP and CBP toxic sites.

**74.** The WWB Defendants knowingly violating the environmental ,

safety and health laws by receiving ill-gotten and windfall astronomical

profits from participating in state sanctioned environmental frauds and

state sanctioned toxic tort crimes against mostly cities and communities

of color in Alabama.

**75.** In this alleged "Polluting-for- Profit Crimes, it is undisputed that the Defendants attempted to financially harm to the Plaintiffs

**76.** In these alleged "Polluting-for- Profit Crimes, the WWB Defendants sought to unjustly enriched themselves by fraudulently placing defected and flawed Wi-Fi smart water meters on more than 82K customers to receive ill -gotten financial profits from participating in state sanctioned environmental frauds and toxic tort crimes against mostly poor and people color in Alabama.

**77.** At all relevant times, the Defendants alleged conduct prevent recovery of medical expenses ( present and future ") after WWB Defendants' defected and flawed Wi-Fi smart water meters exposed the city of Montgomery , AL residents to cancer-causing RF emissions.

**78.** In state sanctioned environmental frauds and environmental toxic tort crimes, the Plaintiffs claim that the WWB Defendants defected and flawed Wi-Fi smart water meters exposed more than 200K city of Montgomery , AL residents to cancer-causing RF emissions.

**79.** The Defendants' defected and Wi-Fi smart water meters exposed cancer-causing RF emissions were the actual and proximate cause of injuries and harm to sick young children , and pregnant women and elderly and disabled persons in the city of Montgomery, AL.

**80.** Such serious and harmful errors, blunders, and omissions allowed to these Defendants and the Defendants AMR contractors to be unjustly enriched from participating in felony environmental crimes and child labor, underage and human trafficking crimes.

**81.** The WWB Defendants alleged H-2B visa frauds and RICO Act labor trafficking criminal acts were the actual and proximate cause of harm and injuries to sick young children , and pregnant women elderly and disabled city of Montgomery, AL residents and to Plaintiff Kelly.

**82.** As a proximate result of the WWB Defendants alleged H-2B visa frauds and RICO Act labor trafficking criminal acts , Plaintiff Kelly and other city of Montgomery , AL residents are entitled to actual damages, compensatory damages, punitive damages, injunctive relief, any combination of those, or any other appropriate relief. Plaintiff Kelly is also entitled to an award of attorney fees and others costs against the Defendants . The exact amount for such errors, blunders, and omissions to be proven at trial.

## COUNT 9: FEDERAL CAUSE OF ACTION
## UNJUST ENRICHMENT FROM USCIS H-2B VISA FRAUDS
### (Against WWB Members Defendants)

**83.**   At all times relevant to this litigation , the WWB Defendants and
their AMI and AMR vendors by and through a pattern racketeering
activities and USCIS H-2B visa frauds have been receiving windfall and
astronomical profits from participating in criminally organized labor
and human trafficking which created a serious threat to public safety

**84.**   The WWB Defendants participate in criminal acts by and through
by employing , hiring and contracting with AMR and AMI smart meter
system contractors such as Neptune Technologies who have committed
a string of H-B2 visa frauds by recruiting , employing and training an
increasingly number of illegal aliens and foreign nations that includes
mechanical, electrical, and software engineers and programmers.

**85.**   The WWB Defendants and AMR and AMI smart meter system
contractors hired and employed illegal aliens and foreign nations that
includes mechanical, electrical, and software engineers and
programmers in a RICO Act laboring racketeering schemes to suppress
and reduce the wages and benefits of U.S workers such as HBCU
university graduates mechanical, electrical, and software engineers and
programmers

**86.**    .As a proximate result of the Defendants actions and acts ,

Plaintiff Kelly is entitled to actual damages, compensatory damages,

punitive damages, injunctive relief, any combination of those, or any

other appropriate relief.

**87.**    Plaintiff Kelly is also entitled to an award of attorney's fees and

others costs against the Defendants. The exact amount for such errors,

blunders, and omissions to be proven at trial.

**COUNT 10: FEDERAL CAUSE OF ACTION**
**RICO ACT HUMAN TRAFFICKING CRIMES**
**Codified in Title 18, Sections 1961–1968 (18 U.S.C. §§ 1961–1968)**
**(Against All The  Defendants)**

**88.**    Due to these forced labor schemes and exposing these inhuman

business practices by the Defendants,  the Plaintiffs are  entitled to

actual damage, compensatory damages, punitive damages, injunctive

relief, any combination of those, or any other appropriate relief.

**89.**    The exact amount to be proven at trial, arising out of the

Defendants  environmental toxic tort crimes  which have caused injuries

and harm to Plaintiffs Kelly.

## COUNT 11: FEDERAL CAUSE OF ACTION
## RICO ACT CRIMES BY A PATTERN OF RACKETEETING
## Codified at 18 U.S.C. §§ 1961-1968, -at least two "Predicate Acts"
## (Against All Defendants)

**90.** The Defendants are each an enterprise within the meaning of 18

U.S.C. § 1961(4).

**91.** The Defendants are each an individual, members and/or

associates' enterprise, and each of these Defendants have engaged in a

pattern of racketeering.

**92.** In this alleged RICO Act Ring, the MGM Conspirator

Defendants have committed RICO Act crimes by and through a pattern

of racketeering and federal grant frauds via the **Federal Stimulus (**

**ARRA Act, ARPA Act and CHIPS Act) and Federal Infrastructure**

**(IIJA Act , CHIPS Act and IRA Act)**

**93.** The Defendants have conspired in "bad- faith" acts by reneging

on Federal Stimulus ( ARRA Act, ARPA Act and CHIPS Act) and

Federal Infrastructure (IIJA Act , CHIPS Act and IRA Act) government

contracts due to the state's Proof of Citizenship (POC) requirements.

**94.** In this alleged forced labor crimes, the Defendants have

committed financial extortion and exploitation abuses, committed TVP

A Act human trafficking crimes and conspiracy to commit such acts.

28

**95.**     The Defendants engaged  racketeering conspiracy, including the concealment and cover up  force labor human trafficking crimes.

**96.**     The Defendants knew or should have known not to continue to dupe, deceive and defraud the U.S Government and to continue to exploit the Plaintiffs  by filing, making false statements and making slandering and disparaging remarks to support their retaliatory blacklisting crimes against the Plaintiffs

**97.**     As a result of such outrageous conduct, actions and acts   the Plaintiffs have  suffered injury to their  good name and loss property rights in their county and    city job(s) and the Defendants' retaliatory blacklisting crimes have caused the Plaintiff humiliation ,pain and suffering , and the Plaintiffs have  lost generational wealth due to retaliatory blacklisting crimes.

**98.**     Thus , the Plaintiffs are  entitled to all damages associated with injuries to their property rights in his state job( s) , **treble (3X) damages**, and other damages

## COUNT 12: FEDERAL CAUSE OF ACTION RICO ACT CRIMES BY A PATTERN OF RACKETEETING CAUSED INJURIES TO THE PLAINTIFF (Against All  Defendants)

**99.**     At all relevant times,  the  Defendants alleged outrageous conduct and reckless disregard of the rights, safety and interests of the Plaintiffs property rights in his county and city job( s) and financial interests, of Plaintiffs, and the  MGM  Conspirator Defendants pattern of racketeering caused damage to the Plaintiff.

**100.**    As a result, the  Defendants pattern of racketeering which harmed and injured the Plaintiffs,  and the Plaintiffs are  entitled to all damages associated with injuries to their  business or property, treble damages, attorney's fees, disgorgement of profits, and other equitable.

## COUNT 13:FEDERAL CAUSE OF ACTION CONSPIRACY UNDER 31 U.S.C 3729 (Against All Defendants)

**101.**   The Defendants in concert with their principles, agents , employees and government contractors did agree to attest, confirm, tender and submit false claims and fraudulent attestations describes herein to the U.S Government , and U.S Government in fact paid those false claims.

30

**102.**    The  Defendants in concert with their principles, agents and
employees acted by and through the conduct described supra, with the
intent to defraud the U.S. Government by submitting false claims and
records to get paid.

**103.**    The Plaintiffs seek judgement in their  favor on behalf of the U .S
Government against the  Defendants in an amount equal to treble
damages sustained by reason of the Defendants conduct.

**104.**    The  Defendants conduct and their principles, agents, employees
and other institutions together with civil penalties as permitted by 31
U.S.C. §§ 3729, attorney's fees, costs, interest, and such other further, or
different relief to which the Plaintiff -Realtor may be entitled.

**COUNT 14: FEDERAL CAUSE OF ACTION**
**Violation of the Trafficking Victims Protection Act (TVPA), 18 U.S.C. §1589**
**(Against All Defendants)**

**105.**    The TVPA  provides a private cause of action against anyone who
"knowingly benefits, financially or by receiving anything of value, from
participation in a venture which has engaged in the providing or
obtaining of labor or services by any of the means  knowing or in
reckless disregard of the fact that the venture has engaged in the
providing or obtaining of labor or services by any of such means …."
18 U.S.C. §1589(b).

31

**106.** The Defendants knowingly obtained, provided, and financially benefited from the labor or services from marginalized individuals by means of force, threats of force, physical restraint, economic duress, and threats of physical restraint directed to those people.

**107.** The Defendants and their Enterprise members knowingly obtained, provided, and financially benefited from the labor or services from vulnerable and marginalized individuals by means of the abuse or threatened abuse of law or legal process, including in particular by abusing the workplace rules by and through overt and covert racially discriminatory and arbitrary, capricious, flagrant, and unauthorized denial of lawful salary reviews and job audits deny and delay pay raises and job promotions , in a manner contrary to the purpose for which the state merit system laws, rules and regulations was designed, for the purpose of ensuring the availability of competent labor and workforce for the State of Alabama

**108.** As a result, Defendants' discriminatory and arbitrary, capricious, and unauthorized denial of lawful , the Plaintiffs are entitled to all damages associated with injuries to their business or property, treble damages, attorney's fees, disgorgement of profits, and other equitable.

32

## COUNT 15: FEDERAL CAUSE OF ACTION
## VIOLATIONS  UNDER TITLE III OF THE ADA ACT
## (Discrimination when Receiving Federal  Funds, 42 U.S.C. § 12131)
## (Against All  Defendants)

**109.**  The Plaintiffs are  persons with a disability within the meaning of

42 U.S.C. § 12182 because they  have  impairments, that substantially

limits the major life activities of performing manual tasks.

**110.**  As a result of the Defendants' discriminatory actions, acts  and

conduct under the Title III of the ADA, 42 U.S.C. § 12182,  the

Plaintiffs have  suffered and continues to suffer harms, including

emotional distress, mental anguish,  frustration, and humiliation.

## COUNT 16: FEDERAL CAUSE OF ACTION
## VIOLATIONS  UNDER TITLE III OF THE ADA ACT
## (Discrimination when Receiving Federal  Funds, 42 U.S.C. § 12131)
## (Against All Defendants)

**111.**  The Plaintiffs are  persons with a disability within the meaning of

42 U.S.C. § 12182 because they  have  impairments, that substantially

limits the major life activities of performing manual tasks.

**112.**  As a result of the Defendants' discriminatory actions, acts  and

conduct under the Title III of the ADA, 42 U.S.C. § 12182,  the

Plaintiffs have  suffered and continues to suffer harms, including

emotional distress, mental anguish, pain and suffering, frustration, and

humiliation.

## COUNT 17: FEDERAL CAUSE OF ACTION
## VIOLATIONS  UNDER TITLE II OF THE ADA ACT
### (Discrimination when Receiving Federal  Funds, 42 U.S.C. § 12131)
### (Against All  Defendants

**113.**   The conduct, and actions  of the Defendants, entities   received

and /or receiving  federal funds, in intentionally taking   averse actions

against the Plaintiffs as  survivors  and victims   of hate crimes and

GBV (gender-based violence) cruelty crimes constitute   disability

discrimination in violation   of  Title II   of  the ADA Discrimination

Act, 42 U.S.C. § 12131.

## COUNT 18: FEDERAL CAUSE OF ACTION
## VIOLATIONS  UNDER TITLE I OF THE ADA ACT
### TITLE I  ADA Act ( Employment  Discrimination 42 U.S.C. § 12111)
### (Against All Defendants)

**114.**   Under Title I of the ADA  Act ,  the Plaintiffs are  qualified

individuals with disabilities in job application procedures, hiring, firing,

compensation, job training, and other terms, conditions, and privileges

of employment.

**115.**   The actions of the  Defendant, entities received and /or receiving

federal funds, in discrimination against the Plaintiffs because of his

physical, mental and sensory disabilities constitute unlawful

discrimination under Title I of the ADA  Act, codified in  42 U.S.C. §

12111.

## COUNT 19: FEDERAL CAUSE OF ACTION
## SECTION §508 OF THE REHAB ACT (29 U.S.C.§794d)
## (Against All Defendants)

**116.**    Section 508 of the Rehab Act applies to websites, software,

hardware, and digital content like PDFs and videos, requiring adherence

to technical standards set by the W3C Web Content Accessibility

Guidelines (WCAG) 2.0.

**117.**    The Defendants have violated Section §508 of the Rehab

Act when the Defendants failed to mail and send water bills and other

notices in an accessibility and readable format, **such as bold and**

**large text format (14pt bold or 18pt regular).**

**118.**    The actions of the Defendants entities received and /or receiving

federal funds constitute unlawful discrimination acts against the

Plaintiffs in violation of Section §508 of the Rehab Act of 1973, 29

U.S.C.§794d.

## COUNT 20: FEDERAL CAUSE OF ACTION
## SECTION §504 OF THE REHAB ACT (29 U.S.C.§794)
## (Against All Defendants)

**119.**    The conduct, actions and inactions of the Defendants , entities

who have received and /or receiving federal funds, in discrimination

against the Plaintiffs because of their disabilities and/or perceived

disabilities constitute unlawful discrimination in violation of Section

§504 of the Rehab Act of 1973, 29 U.S.C.§794.

## COUNT 21: FEDERAL CAUSE OF ACTION
## TITLE VI RACIAL DISCRIMINATION (42 U.S.C. §§2000d, et,seq.)
## (Against All Defendants)

**120.** The actions of the Defendants , an entity received and /or

receiving federal funds, in taking averse actions against the Plaintiffs

survivors victims of hate crimes motivated by sex, race, color,

disabilities and GBV (gender-based violence) crimes constitute

unlawful racial discrimination in violation of the Civil Rights Act of

1964, 42 U.S.C §§2000d, et, seq.

**121.** As a result of the Defendants actions, acts and conduct under

42 U.S.C §§2000d, et, seq. of the Title VI Civil Rights Act 1964, the

Plaintiffs have suffered and continues to suffer harm, including mental

anguish, pain and suffering, frustration, and humiliation.

## COUNT 22:  FEDERAL CAUSE OF ACTION
## RACIAL DISCRIMINATION UNDER 42 U.S.C. 1981
## (Against  Defendants)

**122.** The Defendants have violated 42 U.S.C. §§ 1981by denying

and canceling the Plaintiff's implied employment contract , who is a

U.S Black U.S Citizens, the rights to enter into business contracts.

**123.** The Defendants acts, actions and conduct were motivated by the Defendants race, color, religion and animus against hate crime and GBV (gender-based violence) survivors and victims.

**124.** The Defendants are in violation of 42 U.S.C. 1981, the Plaintiffs pray for actual damages, equitable, and recovery of costs and against the Defendants for violations under 42 U.S.C. 1981.

## COUNT 23: FEDERAL CAUSE OF ACTION
## DENIAL OF EQUAL PROTECTION CLAUSE
### ( 14th Amendment and U.S Constitution Violations )
### (Against All Defendants)

**125.** The Plaintiffs, on account of their race and color and disabilities, were treated differently from the Defendants , similarly situated white employees and/or ex-employees , and the Plaintiffs were denied equal protection of the law.

**126.** The Defendants' white employees were not subject to strict scrutiny and intrusive conduct due to their race, color, age, sex ID, abuse status and being survivors of GBV motivated hate crimes and acts of malicious vandalism.

**127.** The Defendants treated the Plaintiffs differently from similarly situated white employees and formal state employees by denying the Plaintiffs equal protection of the law.

**128.**   Thus, the Defendants are liable for race and ethnicity discrimination acts and for violations arising under the Equal Protection Clause of the Fourteenth Amendment to the U.S Constitution.

## COUNT 24:FEDERAL CAUSE OF ACTION
## DEPRIVATION OF RIGHT UNDER THE COLOR OF LAW
### ( Title 18, U.S.C Sections 242 )
### (Against All Defendants)

**129.**   The Defendants' and more than 458 state agencies acting under color of any law to willfully deprive the Plaintiffs of a right or privilege protected by the Constitution or laws of the United States.

**130.**   The Defendants' acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected to the Plaintiffs to different punishments, pains, or penalties, on account of the Plaintiffs color and/ or race.

**131.**   Thus, the Defendants are liable for race and ethnicity discrimination acts and for violations under Title 18, U.S.C Sections 242 for depriving the Plaintiffs of their constitutional rights under federal law.

## COUNT 25: FEDERAL CAUSE OF ACTION
### Title 18, U.S.C., Section 245 - Federally Protected Activities
### (Against All Defendants)

**132.**  The Defendants' and more than 458 state agencies  willfully interfering with the Plaintiff's' participation in specific "federally protected activities" through force or threats, motivated by race, color, religion, or national origin.

**133.**  The  Defendants'  willfully interfere with the Plaintiff's'  seeking employment  and contracting opportunities , and a traveler or user of any facility of interstate commerce or common carrier **on the  account of the  Plaintiff's'  race, color, religion, or national origin.**

**134.**  The Defendants and more than 458 state agencies  unlawful conduct,  actions  and acts constitute discrimination  under  fedeal law and Title 18, U.S.C., Section 245 - Federally Protected Activities.

## COUNT 26: FEDERAL CAUSE OF ACTION
### Violations  of the Supremacy Clause, of the U.S. Constitution found in Article VI, Clause 2 of the U.S. Constitution
### (Against All Defendants)

**135.**  The Defendants are  using,  employing   the old, outdated  and racist  and bias and discriminatory    state laws to usurp federal law which constitute   violations  under the Supremacy Clause in Article VI of the U.S. Constitution, a principle known as federal preemption.

**136.** The Defendants reckless actions and wantonness conduct under the Supremacy Clause in Article VI of the U.S. Constitution, the Plaintiffs are entitled to all damages associated with the injuries and damage to the Plaintiffs business property, and tangible and intangible property rights **with treble (3x) damages**, attorney's fees, disgorgement of profits, and other equitable relief.

**COUNT 27: FEDERAL CAUSE OF ACTION**
**INA Document Abuse and Discrimination**
**(Against All Defendants)**

**137.** The Defendants **ONLY ACCEPTED** certain state issued DLNs and certain issued state ID cards **"DID NOT"** qualify as a document to be used as **"proof of citizenship**,*"* and *"***proof of immigration"** **and/or "proof of residential"** statues per the state's 2011 HB-56/HB-658 law requirements.

**138.** The Defendants are rejecting ITINs numbers, **and "ONLY ACCEPTING" Federal SSNs, certain state issued DLNs, and certain state issued IDs cards** for business contacts, which constitute INA Act Citizenship status discrimination.

**139.** The Defendants are liable for the Plaintiffs' personal injuries, financial harm and other economic damages for discrimination actions for immigration-related businesses contracting policies.

## COUNT 28: FEDERAL CAUSE OF ACTION
## SUPPRESSION, FRAUD AND DECEIT CLAIMS
### (Against All Defendants)

**140.    Under the ARRA Act, ARPA Act, CARE  Act , CHIPS  and**

**IIJA/BILL Act and IRA Act** federal fund Program,  the Defendants

misrepresented and suppressed  the facts these federal funds were

misdirected  for personal use by  the Defendants.

**141.**   Due to negligent hiring, retention and promotion employment

policies ,  proper  financial  and bookkeeping activities were  really

virtually non-existent due to  sloppy acceptable accounting principles,

primarily because there's no one trained or experienced in those

principles related to proper  use  of  federal funds and monies

**142.**   Defendants  fraudulent actions and acts  described above resulted

in games to U.S Government and  the Plaintiffs' as U.S Taxpayers equal

to the amount paid by U.S Government and  the Plaintiffs' as U.S

Taxpayers as result  the  Defendants  fraudulent claims, and  together

with the cost of resources diverted as a result of  the  Defendants

deceitful   and  criminal conduct.

41

## COUNT 29: FEDERAL CAUSE OF ACTION
## VIOLATIONS of 18 U.S.C. § 1343 CLAIMS
### (Conspiring in Wire Frauds via the Internet, TV, Radio , Emails or Cell Phone Calls which constitute violation of 18 U.S.C. § 1343.
### (Against All Defendants)

**143.** The Defendants  committed violations  under 18 U.S.C. § 1343

and wire fraud by sending  false ARRA Act, ARPA Act, CARE  Act ,

CHIPS  and IIJA/BILL Act and IRA Act documents,  reports and

invoices by using interstate  wire, internet , telephone  and/or cell phone

communication systems  to execute a scheme to defraud.

**144.** The  Defendants and  their  phony contractors filed reports via

emails, cell phone, telephone calls and internet communication systems

which constitute violation of 18 U.S.C. § 1343.


## COUNT 30: FEDERAL CAUSE OF ACTION
## VIOLATIONS of 18 U.S.C. § 1341 CLAIMS
### (Conspiring in Mail Frauds by and  through use of U.S mail system )
### (Against All Defendants)

**145.** The Defendants and  their  phony contractors sent  and received

false  reports, documents   and  billing invoices by and through the U.S

mail system which constitute violation of 18 U.S.C. § 1341.

**146.** Thus, the Defendants  and  their  phony contractors  have

committed frauds by and   through use of the  U.S mail system which

constitute violation of 18 U.S.C. § 1341( wire fraud).

## COUNT 31: FEDERAL CAUSE OF ACTION
## VIOLATIONS OF 18 U.S.C. § 1030 (Computer Trespassing Fraud)
## (Against All Defendants)

**147.  The  Plaintiffs aver  that  the CFAA Act  and  ECPA Act**

**data privacy and security  laws  apply to smart meter**

**data**, potentially requiring law enforcement to obtain warrants for

access to this sensitive information, but its application is complicated by

the third-party doctrine and the private nature of utility companies.

**148.**  The Defendants  and Enterprise members  were snooping and

spying on the Plaintiffs' smart utility meters, cell phones  and  smart

cars looking  for incriminating  evidence against the  Plaintiffs to smear

and besmirch the   Plaintiffs' good name.

**149.**  Thus, the  Defendants  have committed   computer  frauds which

constitute violation of 18 U.S.C. § 1030 which  caused the Plaintiffs to

suffer harm, injures   and financial damage.

## COUNT 32: FEDERAL CAUSE OF ACTION
## VIOLATIONS OF ECPA ACT U.S. Code at 18 U.S.C. §§ 2510 et seq
## (Against All  Defendants)

**150.**  The   Plaintiffs claim the ECPA  Act which  protests and

safeguards electronic communications from unauthorized interception

and access, covering emails, texts, and calls and other electronic

communications connected  to the U.S internet systems.

43

**151.** The Plaintiffs also aver that the CFAA targets **computer system intrusions,** whereas the ECPA addresses **communication privacy**; both provide legal recourse for violations and are foundational laws for cybercrime and data privacy.

**152.** Due to snooping and spying and surveilling on the Plaintiffs' **smart utility meters, and cell phone records**, the Defendants acts and actions constitute violations the ECPA Act codified in the **U.S. Code at 18 U.S.C. §§ 2510 et seq.,**

## COUNT 33: FEDERAL CAUSE OF ACTION VIOLATIONS OF 18 U.S.C. § 1346 ( HONEST SERVICE FRAUD) (Against All Defendants)

**153.** The Defendants have committed multiple acts of honest services fraud as described under federal statute 18 U.S.C. 1346.

**154.** The Defendants and the Defendants' business associate's honest services fraud schemes which caused the Plaintiffs to suffer harm, injures and financial damage.

## COUNT 34: FEDERAL CAUSE OF ACTION
## Title III  CONSUMER CREDIT PROTECTION ACT  VIOLATIONS
### Refusing to hire and/or rehire  due to  Bankruptcy Court Filings
### (Against All Defendants)

**155.**   Due to  the  Defendants' violations under Title III of the CCPA

Act  and  Section 525 of the U.S. Bankruptcy Code,  the     Plaintiff

suffered  employment discrimination since 1998 due  to  U.S.

Bankruptcy filings

**156.**   As a result of the Defendants'  reckless actions and wantonness

conduct,  the Plaintiffs are  entitled to all damages associated with

injuries and damage  to the Plaintiffs business property, and tangible

and intangible    rights **with  treble (3x) damages**, attorney's fees,

disgorgement of profits, and other equitable relief

## COUNT 35: FEDERAL CAUSE
## TITLE VII  DISPARATE   IMPACT VIOLATIONS
### Refusing to hire and/or rehire  due to  FICO score
### (Against All Defendants)

**157.**   The  Defendants  have  refused to hire the     Plaintiffs' based on

their FICO score which **constitute  violations  under  FCRA Act.**

**158.**   The Defendants' snooped, spied  and look-into  Plaintiff credit

report without  written consent from the  Plaintiffs .

**159.**   In  the  Defendants' employment  and contracting Blacklisting

schemes , the Defendants  and    more than 458 state agencies  use

arbitrary, capricious and fraudulent and discriminatory "criminal

scores" and criminal records and arrest records to refuse to hire and/or

rehire the Plaintiffs.

## COUNT 36: FEDERAL CAUSE OF ACTION
## TITLE VII DISPARATE IMPACT VIOLATIONS
### Refusing to hire and/or rehire due to Criminal Score
### (Against All Defendants)

**160.** The Defendants refused to hire or rehire the   Plaintiffs based

on a "criminal score" from a third-party background screening service

**and the findings led to an adverse hiring decision.**

**161.** The Conspirators Defendants' actions and actions constitute

serious violations under the FCRA Act

## COUNT 37: FEDERAL CAUSE OF ACTION
## TITLE VII DISPARATE IMPACT VIOLATIONS
### Refusing to hire and/or rehire due to Poor Driving Records
### (Against All Defendants)

**162.** The Defendants and more than 458 state agencies have refused

to hire or rehire the   Plaintiff based on third-party background

screening company to obtain a motor vehicle report (MVR) and the

findings led to an adverse hiring decision.

**163.** The Defendants' actions and actions constitute serious

violations under the FCRA Act.

46

## COUNT 38:  FEDERAL CAUSE OF ACTION
## WILLFUL AND DELIBERATE  NONCOMPLIANCE WITH
## FCRA ACT  15 U.S.C §§ 1684b(c),1681n
## (Against All  Defendants)

**164.**   The   Defendants have failed  to conduct a proper investigation
and send correct information or delete the inaccurate information on the
Plaintiffs employees  background check reports   from third-party
entities  such as motor vehicle report (MVR) and CRA agencies.

**165.**   The  Defendants     also failed to delete disputed unverified
information from employees' background checks  such as motor vehicle
report (MVR) and CRA agencies and other third-party entities.

**166.**    The  Defendants  actions described   above constitute willful
violations within the statutory meaning of the FCRA Act   15 U.S.C §§
1684b(c),1681n .

**167.**   The  Defendants abusive actions, acts and conduct constitute a
pattern and practice  of  violations  under  the     FCRA Act    15 U.S.C
§§ 1684b(c),1681n violations have caused Plaintiffs to suffer harm,
injures   and financial damages.

## COUNT 39: FEDERAL CAUSE OF ACTION
## NELIGENT NONCOMPLIANCE WITH  FCRA ACT
## 15 U.S.C §§ 1684b(c), 1684o
### (Against All Defendants)

**168.**   The  Defendants have violated sections 1681b(c) and 1681o of

the FCRA Act by sharing, selling, trading, and distributing the

Plaintiffs' consumer report information to others without prior consent

and permission from the Plaintiffs.

**169.**   The Defendants and more than 458 state agencies    wantonness

actions and acts constitute negligent and non-compliance   violations

under Sections 1681b(c) and 1681o of the FCRA Act

**170.**   The  Defendants and more than 458 state agencies    'breach of

their duties caused finance harm to the Plaintiffs and the Plaintiffs

privacy interest protected by the FCRA Act.

**171.**   The Defendants and more than 458 state agencies    pattern of

violation under the FCRA Act sections 1681b(c) and 1681o have caused

the Plaintiffs to suffer financial damages.

**172.**   The Plaintiffs were hit with a malicious SLAPP lawsuit  and

subjected  to   lead and gas poisoning attacks for  exposing    the

Defendants deceitful and criminal conduct such as sharing, selling,

trading and distributing the Plaintiffs' consumer report data  to others

without prior consent and permission from the Plaintiffs.

**173.** The Defendants' definition of a state trade secret under the state is ambiguous, unclear and vague includes "all forms and types of financial, business, scientific, technical, economic, or engineering information," computer software, computer data bases an to others without prior consent and permission from the Plaintiffs.

**174.** The Defendants' and more than 458 state agencies textbook example of a trade secret is the formula for Coca-Cola, or the Colonel's secret recipe for Kentucky Fried Chicken.

**175.** The DTSA immunizes the Plaintiffs for disclosures of trade secrets made "in confidence" to federal, state, or local officials, or to an attorney, for the purpose of reporting or investigating a suspected violation of law, or in legal document.

**COUNT 40: FEDERAL CAUSE OF ACTION**
**REPORTING   GROSS MISMANGEMENT  AND LAW VIOLATIONS**
**Reporting  Gross Mismanagement  Activities  5 U.S.C. § 1213**
**(Against All Defendants)**

**176.** Under the federal funds such as the  IRS Act , the IIJA/BILL Act  the ARPA Act ,  CARES Act , CHIPS and  the ARRA Act , , the Plaintiffs have  suffered and continue to suffer harms for violations of law, a pattern of gross mismanagement, fraud, waste  and abuse  of federal  funds and  federal grant monies and loans  by the Defendants.

**177.**  As a result of the Defendants and more than 458 state agencies

discriminatory conduct under  Section **5 U.S.C. § 1213**, the Plaintiffs

have  suffered lost income, and suffered emotional distress, mental

anguish, pain and suffering, fr9stration, and humiliation.

## COUNT  41: STATE  CAUSE OF ACTION
## GUARANTEED RIGHTS  TO PROSECUTE CIVIL ACTIONS
### ( Violations  of Section 10 of the Alabama Constitution of 1901  )
### (Against  All Defendants)

**178.**  The Plaintiffs aver  that Section 10 of the Alabama Constitution

of 1901 provides that a person has the right, "by himself or counsel," to

prosecute or defend "any civil cause to which he is a party."

**179.**  The Plaintiffs have  suffered emotional pain due to  the

Defendants unlawful conduct, acts  and  actions  under  Section 10 of

the Alabama Constitution of 1901,   which  caused the Plaintiffs to seek

medical attention and to expend funds for medical treatment.

## COUNT 42: STATE  CASUE OF ACTION
## AL-ADEA DISCRIMINATION IN EMPLOYMENT
### Ala Code 25-1-21 (AL-ADEA)
### (Against All Defendants)

**180.**  The Plaintiffs aver  Alabama Code Section 25-1-21 prohibits

employers from discriminating against workers 40 years of age or older

in hiring, job retention, compensation, or other employment conditions.

**181.** As a result of the Defendants' discriminatory conduct under

Alabama Code Section 25-1-21 , the Plaintiffs have suffered and

continue to suffer harm, including lost income, lost benefits, economic

and non-economic losses, emotional distress, mental anguish, pain and

suffering, frustration, and humiliation.

## COUNT 43: STATE CAUSE OF ACTION
## BLACKLISTING TO PREVENT A PERSON FROM RECEIVING
## EMPLOYMENT FROM WHOMSOEVER THEY DESIRE
## (Against All Defendants)

**182.** Despite enactment of a new Alabama state constitutional in

2022 which banned racist words and discriminatory language, the

Defendants continue to use the state racist, old and outdated, and laws

such as Chapter 670-X-9 ( Disqualification of Applicants) rules where

the SPD Director may refuse to certify any eligible on a register due to

undefined and ambitious CIMT and GMC felony offenses.

**183.** Defendants and more than 458 state agencies egregious conduct

toward the Plaintiff, as described herein, was outrageous and extreme

because a reasonable person would not expect or tolerate blacklisting

abuse **for more than twenty (25) years.**

## COUNT 44: STATE CAUSE OF ACTION
## VIOLATION OF THE STATE EMPLOYMENT PROTECTION ACT (State Employment Protection Act, Ala. Code §36-26A-1 et seq. (2012) (Against All Defendants)

**184.** As a result of the Defendants' discriminatory conduct , acts and

actions under Alabama Code Section 25-1-21 , the Plaintiffs have

suffered and continued to suffer harm and injuries , including lost

income, lost benefits, economic and non-economic losses, and

emotional distress.

## COUNT 45: STATE CAUSE OF ACTION
## VIOLATION OF THE STATE CHILD LABOR LAWS
## ( Reprisal Act for Opposing Child Labor Abuses   Ala. Code § 25-8-57 (Against All Defendants)

**185.** The Defendants' and more than 458 state agencies have

retaliated against the Plaintiffs for reporting and opposing child labor

law violations such as child sex trafficking crimes.

**186.** As a result of the Defendants' discriminatory conduct under Ala.

Code § 25-8-57 , the Plaintiffs have suffered and continue to suffer

harm, including lost income, lost benefits, economic and non-economic

losses, and emotional distress, mental anguish, pain and suffering,

frustration, and humiliation.

## COUNT 46: STATE CAUSE OF ACTION
## VIOLATION OF THE STATE ETHICS LAWS
### Alabama Ethics Act, § 36-25
### (Against All Defendants)

**187.**  The  Defendants' and more than 458 state agencies  have

retaliated against the Plaintiffs for  reporting   public corruption  and

rules of law violations   under the Alabama Ethics Act (§ 36-25).

**188.**  As a result of the Defendants' and more than 458 state agencies

and public subdivisions  discriminatory conduct, acts and actions

violation the Alabama Ethics Act (§ 36-25),  the Plaintiffs have

suffered and continue to suffer harms, including lost income, lost

benefits, economic and non-economic losses, and emotional distress,

mental anguish, frustration, and humiliation.

## COUNT 47: STATE CAUSE OF ACTION
### EQUAL PAY ACT    Ala. Code § 25-5-11.1
### (Against All Defendants)

**189.**  The  Defendants  and more than 458 state agencies  have violated

Alabama's Equal Pay Act (CFEPA) prohibits employers from paying

employees of different races or sexes less than others for equal work

within the same establishment, **effective September 1, 2019.**

**190.**  As a result of the Defendants' and more than 458 state agencies

discriminatory conduct under Ala. Code § 25-5-11.1,  the Plaintiffs have

suffered and continues to suffer harms, including lost income, lost

benefits, economic and non-economic losses, and emotional distress,

mental anguish, pain and suffering, frustration, and humiliation.

## COUNT 48: STATE CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

**191.**  The   Defendants and more than 458 state agencies and their

business associates conduct, and actions constitute intentional infliction

of emotional distress on the Plaintiffs that was malicious.

**192.**  The Defendants and more than 458 state agencies and their

business associates acted willfully, maliciously, recklessly  toward the

Plaintiffs, as victims  and survivors of  hate crimes  and GBV cruelty

acts, actions  and offenses.

**193.**  The Defendants actions and acts were intended to cause personal

harm and economical injuries   to the Plaintiffs.

**194.**  The Plaintiffs have suffered severe emotional distress as a direct

result of the Defendants and more than 458 state agencies  unlawful

conduct, acts, actions and  lawless crimes.

## COUNT 49: STATE CAUSE OF ACTION
## NEGLIGENT FAILURE TO WARN, TRAIN AND/OR EDUCATE
### ( Against All  Defendants)

**195.**  The Defendants owed the Plaintiffs  a duty to take reasonable

protective measures to protect the Plaintiffs and  other vulnerable  and

marginalized employees    from  the  Defendants danger  employees

who have a history   of inciting  workplace violence.

**196.**  The  Defendants failed to properly warn, train or educate   the

Plaintiffs  and other  vulnerable  and marginalized state workers

about how to **avoid  the Conspirators Defendants' danger employees**.

**197.**  The   Defendants and more than 458 state agencies   have

deliberately  breached their duty to take reasonable protective measures

to protect the Plaintiffs  from  the  Conspirators Defendant 's danger

employees such as the   pedophile  and child grooming state employees.

**198.**  The  Plaintiffs  have suffered, and the Plaintiffs  will continue to

suffer from illnesses  and disorders  that prevent the Plaintiffs   from

performing daily activities and obtaining the full enjoyment of life.

**199.**  The Plaintiffs have also  incurred medical expenses, and the

Plaintiffs  will continue to incur expenses for medical and psychological

treatment, therapy, and counseling costs caused by the Defendants.

## COUNT 50: STATE CAUSE OF ACTION
## GROSS NEGLIGENCE AND WANTONNESS
### (Against All Defendants)

**200.**  The  Defendants' reckless and  wantonness  actions were  the

proximately acts  which  caused  the   Plaintiffs to suffer and continue

to suffer  physical pain  , mental and emotional  injuries and illness  and

damage which constitute gross negligence  and wantonness  actions.

## COUNT 51: STATE CAUSE OF ACTION
## NEGLIGENCE ACTS
### (Against All the Defendants)

**201.**   The   Defendants have breached their duty  of care   causing  the

Plaintiffs to suffer  physical pain  , mental and emotional  injuries,  and

harm to the   Plaintiffs  which constitute  negligence

## COUNT 52: STATE CAUSE OF ACTION
## WANTONNESS
### (Against All the Defendants)

**202.**  On multiple occasions , the  actions  and inactions of the MGM

Conspirator Defendants  by breaching their  duty  of care  the

Conspirator Defendants   owed to the   Plaintiffs caused the   Plaintiffs

to suffer  physical pain  , and illness which  constituted wantonness acts

## COUNT 53: STATE CAUSE OF ACTION
## PROFESSIONAL NEGLIGENCE
### (Against the Neptune Technology Group Defendant)

**203.**   The Neptune Technology Group Defendants undertook, for consideration, rendering services for the City of Montogmerty , which they should have recognized as necessary for the protection of Plaintiffs SSNs, DLNs, date of birth and other PII data.

**204.**   Based on its undertaking, the Neptune Technology Group Defendants had a duty to Plaintiffs, as users of water from WWB water services to exercise that degree of care consistent with the greater degree of knowledge and skill possessed by professionals.

**205.**   The Plaintiffs relied on the Neptune Technology Group Defendants to update and protect the integrity of the City's water treatment system and for the protection of Plaintiffs' PII data.

**206.**   Neptune Technology Group Defendant failed to exercise that degree of care consistent with the greater degree of knowledge and skill possessed by professionals.

**207.**   Indeed, the Neptune Technology Group Defendant failed to use even reasonable care.

**208.**    The Plaintiffs suffered harm  and will continue to suffer harm resulting from the Neptune Group Defendants' failures to exercise reasonable care to protect Plaintiffs in their undertaking.

**209.**    The Neptune Group Defendant  failures to exercise reasonable care to  protect Plaintiffs directly and proximately caused the Plaintiffs' injuries and were entirely foreseeable.

**210.**    The  Neptune Group Defendant  failure(s) to act constitute gross negligence because it was so reckless that they demonstrated a substantial lack of concern for whether an injury would result.

**211.**    The Neptune Group Defendant   conduct evinces actual malice and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, and so Plaintiffs are entitled to an award of punitive damages.


## COUNT 54: STATE CAUSE OF ACTION
### NEGLIGENCE ACTS
### (Against  the Neptune Technology Group Defendant)

**212.**    The Neptune Group Defendant    undertook, for consideration, to render services for the City of Montgomery , which they should have recognized as necessary for the protection of Plaintiffs.

**213.** Based on its undertaking, the Neptune Technology Group Defendant had a duty to Plaintiffs, as users of water provided by City of Montgomery, to exercise a reasonable degree of care.

**214.** Plaintiffs relied on the Neptune Technology Group Defendant to update and protect the integrity of the City's water treatment system.

**215.** The Neptune Group Defendant failed to exercise that degree of reasonable care.

**216.** Plaintiffs suffered harm resulting from the Neptune Technology Group Defendant failures to exercise reasonable care to protect Plaintiffs in its undertaking.

**217.** The Neptune Group Defendants' failures to exercise reasonable care to protect Plaintiffs directly and proximately caused the Plaintiffs' injuries and were entirely foreseeable.

**218.** The Neptune Group Defendants' failure(s) to act constitute gross negligence because it was so reckless that they demonstrated a substantial lack of concern for whether an injury would result.

**219.** The Neptune Group Defendants' conduct evinces actual malice and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, and so Plaintiffs are entitled to an award of punitive damages.

## COUNT 55: STATE CAUSE OF ACTION
## SUPPRESSION,   FRAUD AND DECEIT
## (Against  the Neptune Technology Group Defendant)

**220.**    The Neptune Group Defendant  misrepresented , omitted and/or suppressed material facts that the Neptune Technology Group smart water meters forming the base for  the  Neptune Technology Defendant's smart grid infrastructure was unreliable  and unfit for retail , commercial and industrial consumer use.

**221.**    The U.S Government  and city of Montogmerty , AL water customers acted on  the Neptune  Group Defendant  material misrepresentation as described herein to their detriment

**222.**    The Neptune Group Defendant   and their principles, againts and employees acted by and  though deceit act and criminal  conduct   when the  Neptune  Group Defendant hid and concealed  this information with the intent to defraud the U.S Government  and the WWB  Defendants and city of Montogmerty , AL water customers  by  summiting false records  to get such false claims  paid

**223.**    Neptune Group Defendant  fraudulent  actions  and acts and conduct  together and their principles, againts and employees  have resulted  in harm and damages U.S Government  and the WWB Defendants and city of Montogmerty , AL water customers   equal to

the amount  paid by U.S Government  and city of Montogmerty , AL

water customers, plus the cost of time and resources  diverted as a result

of  Neptune Group Defendant  fraudulent schemes  and acts

**COUNT 56: STATE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Against  the Neptune Technology Group Defendant)**

**224.**  The Defendant has received ill-gotten monies and unjust profits

by misrepresentation  and  suppressed material facts that the Neptune

Technology Group smart water meters  were unreliable  and unfit for

retail , commercial and industrial consumer use.

**225.**  The Neptune  Group Defendant  were legally obligated     to

communicate these material facts the U.S Government  and the WWB

Defendants and city of Montogmerty , AL water customers.

**226.**     As a result of the Defendant's inequity conduct   and

deceitful acts  and  criminal const , the Plaintiffs are  entitled to all

damages associated with the injury to her  personal property and

business  with  **treble (3x) damages**, attorney's fees, disgorgement of

profits, and other equitable relief.

## COUNT 57: STATE CAUSE OF ACTION
## PROFESSIONAL NEGLIGENCE
### (Against the ADPH and ADEM Defendants)

**227.**    The ADPH and ADEM Defendants undertook, for

consideration, to render services for the City of Montgomery , which

they should have recognized as necessary for the protection of the

Plaintiffs and other city of Montgomery, AL residents.

**228.**    The ADPH and ADEM Defendants undertook, for

consideration, to perform a duty owed to Plaintiffs.

**229.**    Based on its undertaking, the ADPH and ADEM Defendants had

a duty to Plaintiffs, as residents and water users in the City of

Montgomery , to exercise that degree of care consistent with the greater

degree of knowledge and skill possessed by professionals, as well as an

ethical duty to report to public authorities the dangers posed to public

health and property that would result from the failure to install and/or

operate a proper anti-corrosive treatment for treating of City of

Montgomery source of drinking water.

**230.**    The ADPH and ADEM Defendants also owed a duty to

Plaintiffs to notify the proper authorities of unethical illegal practices of

others whose actions or decisions posed threats to public health and

property that would result from the failure to install and/or operate a

proper anti-corrosive treatment when treating the City of Montgomery drinking water.

**231.** The Plaintiffs relied on the ADPH and ADEM Defendants to perform the duty to inspect the City's water treatment system, as well as its sources and corrosion control methods, to make sure that it was safe.

**232.** The ADPH and ADEM Defendants failed to exercise that degree of care consistent with the greater degree of knowledge and skill possessed by professionals.

**233.** Indeed, the ADPH and ADEM Defendants failed to use even reasonable care.

**234.** The Plaintiffs suffered harm and injuries resulting from the ADPH and ADEM Defendants failures to exercise reasonable care to protect Plaintiffs in the ADPH and ADEM Defendants undertaking.

**235.** The ADPH and ADEM Defendants failures to exercise reasonable care to protect Plaintiffs directly and proximately caused the Plaintiffs' injuries and were entirely foreseeable.

**236.** As a direct and proximate result of the Defendants' negligent and reckless acts, actions, conduct and/or omissions, the Plaintiffs have been lead poisoned and/or suffered from life threatening, infections, dementia, and have suffered past, present and future personal injuries,

*including but not limited to: various health problems (including, without limitation, hair loss, skin rashes, digestive and other organ problems), physical pain and suffering, mental anguish, fright and shock, disability, denial of social pleasures and enjoyments, embarrassment, humiliation, and mortification, medical expenses, wage loss, brain and/or developmental injuries including (without limitation) cognitive deficits and lost earning capacity.*

**237.**    The ADPH and ADEM  Defendants failure(s) to act constitute gross negligence because it was so reckless that they demonstrated a substantial lack of concern for whether an injury would result.

**238.**    The ADPH and ADEM  Defendants conduct evinces actual malice and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, and so Plaintiffs are entitled to an award of punitive damages.

**COUNT 58: STATE CAUSE OF ACTION
NEGLIGENCE ACTS
(Against  the  ADPH and ADEM  Defendants)**

**239.**    The ADPH and ADEM  Defendants undertook, for consideration, to render services for the City of Montgomery , which they should have recognized as necessary for the protection of  the  Plaintiffs and other city of Montgomery, AL residents.

240.    The ADPH and ADEM Defendants undertook, for consideration, to perform a duty owed to Plaintiffs. . Based on its undertaking, the ADPH and ADEM Defendants had a duty to Plaintiffs, as residents and water users in the City of Montgomery , to exercise a reasonable degree of care, as well as an ethical duty to report to public authorities the dangers posed to public health and property that would result from the failure to install and/or operate a proper anti-corrosive treatment for treating Jackson's source of drinking water.

241.    The ADPH and ADEM Defendants also owed a duty to Plaintiffs to notify the proper authorities of unethical illegal practices of others whose actions or decisions posed threats to public health and property that would result from the failure to install and/or operate a proper anti-corrosive treatment when treating Jackson's drinking water.

242.    Plaintiffs relied on the ADPH and ADEM Defendants to perform the duty to inspect the City's water treatment system, as well as its sources and corrosion control methods, to make sure that it was safe.

243.    The ADPH and ADEM Defendants failed to exercise that degree of reasonable care.

**244.** Plaintiffs suffered harm resulting from the ADPH and ADEM Defendants' failures to exercise reasonable care to protect Plaintiffs in ADPH and ADEM Defendants' undertaking.

**245.** The ADPH and ADEM Defendants failures to exercise reasonable care to protect Plaintiffs directly and proximately caused the Plaintiffs' injuries and were entirely foreseeable.

**246.** As a direct and proximate result of the ADPH and ADEM Defendants actions and/or omissions, Plaintiffs have been lead poisoned and/or suffered from life threatening Legionella pneumonia, and sepsis and other infections, dementia, and have suffered past, present and future personal injuries, including but not limited to: various health problems (including, without limitation, hair loss, skin rashes, digestive and other organ problems), plus physical pain and suffering, mental anguish, fright and shock, disability, denial of social pleasures and enjoyments, embarrassment, humiliation, and mortification, medical expenses, wage loss, brain and/or developmental injuries including (without limitation) cognitive deficits and lost earning capacity.

**247.** The ADPH and ADEM Defendants failure(s) to act constitute gross negligence because it was so reckless that they demonstrated a substantial lack of concern for whether an injury would result.

**248.** The ADPH and ADEM Defendants conduct evinces actual

malice and/or gross negligence which evidences a willful, wanton or

reckless disregard for the safety of others, and so Plaintiffs are entitled

to an award of punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs pray that the jury

will award him, based on the facts and circumstances of this case, an amount of

money to adequately compensate the Plaintiffs and to sufficiently punish the

Defendants so as to deter such action in the future.

**Respectfully Submitted November 17 of 2025.**

By: _____ 11-17-2025

**Gregory Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com

By: _____

**Annette B. Kelly, Plaintiff**
6213 Willow Glen Dr.
Montgomery, AL 36117
Email Address: gkelly6213@yahoo.com